United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ken Walters and John Bonilla as Trustees of the Operating Engineers Health and Welfare Trust Fund, et al, <br><br> Plaintiffs, <br><br> v. <br><br> Terry E. Smith, an individual, Terry E. Smith, individually and dba Essayons, Inc., Essayons Inc., a California corporation, <br><br> Defendants. <br> _____/ | No. C-05-4209 WDB <br><br> **ORDER FOR SUPPLEMENTAL INFORMATION RE MOTION FOR DEFAULT JUDGMENT** |

**By June 28, 2006,** plaintiffs must file with the Court and serve on defendants supplemental submissions (argument and/or evidence) that respond to the following.

    1.    Do plaintiffs seek another audit? The Complaint includes a claim for an audit, and plaintiffs mention an audit in the notice portion of their Motion for Default Judgment ("Motion"). Motion at 2:17. However, it appears that plaintiffs have already conducted an audit that covers the three periods for which delinquent contributions are sought, and plaintiffs do not address their alleged entitlement to an audit in the "discussion" section of their Motion. Motion at 4:6, 4:19, 4:25 (audit references for each of three periods).

1

If plaintiffs seek an audit they must specify the time period of the requested audit and set forth the legal and factual bases that would justify a <u>second</u> audit. Additionally, plaintiffs must describe the procedure that will be followed by the auditor and must state whether this procedure provides <u>defendants</u> with an opportunity to participate and/or to object.

2. In their Complaint plaintiffs name defendant "Essayon's, Inc." as the <u>dba</u> of Terry Smith *and* as a California <u>corporation</u>. Is Essayon's, Inc., incorporated, and if so, what is plaintiffs' understanding about Terry Smith's position vis a vis the corporation?

3. The employer that is named as a party to the Material Producers and Recycling Agreement is "Essayon's Crushing." Complaint at Ex. C. Essayon's Crushing is not a named defendant in the Complaint. What is the basis for plaintiffs' position that the named defendants are bound by the "Material Agreement?" What is Essayon's Crushing's relationship to the named defendants? Does the Court have\need jurisdiction over Essayon's Crushing?

4. What is the basis for plaintiffs' position that the Material Producers and Recycling Agreement incorporates the Master Agreement? Complaint at 2-3; Motion at 3:21-24. In contrast to the "Independent Agreement" which clearly states that the Master Agreement is incorporated therein (see Complaint, Ex. B., §2), the "Material Agreement" states, "[a]ny [specified] <u>plant</u> . . . shall be <u>operated</u> under the . . . Master Agreement." See, Complaint, Ex. C, §01.03.00 (emphasis added). Moreover, the Material Agreement expressly incorporates <u>another</u> agreement, suggesting that if the drafters had intended to do so with the Master Agreement they would have done so expressly. See, Complaint, Ex. C, §§01.01.01 and 07.01.00.

If the provisions of the Master Agreement relating to fringe benefit contributions are not "incorporated" into the Material Agreement what is the basis

1  for a finding that defendants are bound by the terms of the Trust Agreements with
2  respect to work conducted pursuant to the Material Agreement?
3       5.     Plaintiffs appear to seek unpaid contributions for three periods: (1)
4  January 1, 1998 through June 30, 2000, (2) October 2001 through August 2005,
5  and (3) January 2004 through June 2005.
6       Plaintiffs must confirm that the first period for which delinquent
7  contributions are sought ends June 30, 200<u>0</u>.  The Complaint says 200<u>2</u> at 3:23
8  and 200<u>5</u> at 6:20.  The Motion says 200<u>5</u> at 4:11 and 200<u>0</u> at 3:9 and 6:27.
9  Exhibit D to the Complaint and the McBride Declaration indicate that the audit
10 period ended in 200<u>0</u>.
11      Why are some amounts sought referred to as "estimated?"  *E.g.*, Motion at
12 3:12, 7:2 and 7:4.
13      6.     What amount do plaintiffs seek for the period January 2004 - June
14 2005?  What items are encompassed in this amount (*e.g.*, unpaid contributions,
15 liquidated damages and/or interest)?  Under which agreement was the amount
16 incurred?  In their Complaint plaintiffs indicate that they seek $279.43 <u>and</u>
17 $231.91.  Complaint at 4.  In contrast, on at least one occasion plaintiff's Motion
18 refers only to the amount $279.43.  Motion at 3:12-14.  Additionally, the
19 Complaint indicates that <u>each</u> of the amounts sought represents "fringe benefit
20 contributions <u>and</u> liquidated damages <u>and</u> interest."  Complaint at 4 and 6
21 (emphasis added).  Whereas the Motion describes these amounts as "$279.43 in
22 delinquent contributions" and "$231.91 in liquidated damages and interest."
23 Motion at 4:26-27.
24      7.     Do plaintiffs seek interest in connection with each of the three
25 periods?  Plaintiffs do not address their alleged entitlement to interest in the
26 "discussion" section of their Motion although "interest" is mentioned in the brief
27 as well as in the McBride Declaration.  Also, plaintiffs mention interest in
28

3

connection with delinquent contributions from the first and third periods (1/1/98 - 6/30/05 and 1/04 - 6/05) but not with respect to the second period (10/01 - 8/05). *E.g.*, Complaint at 6:22; Motion at 3:9-10.  Why is this?

8.  Plaintiffs have presented the assessed liquidated damages and interest in a lump sum.  Plaintiffs must identify what portion of the amount sought is attributable to liquidated damages and what portion is attributable to interest.

9.  Plaintiffs seek liquidated damages.  Do all liquidated damages plaintiffs seek pertain to contributions that were delinquent and unpaid as of October 18, 2005?  If not, plaintiffs must identify clearly the portion of the amount sought as "liquidated damages" that is attributable to contributions that were *both* delinquent and unpaid as of October 18, 2005.

10.  What is the total amount plaintiffs seek for attorneys' fees?  In their Motion plaintiffs state that they seek "fees in the amount of $675.00, . . . and anticipate having to spend another $337.50."  Motion at 6.  However, the Harland Declaration indicates that plaintiffs have already incurred charges of $675.00 and $337.50 and that they anticipate incurring an additional $225.00.

11.  Plaintiffs seek reimbursement of fees at the rate of $225.00 per hour but have not submitted evidence indicating who actually performed the work represented in the table in paragraph 4 of the Harland Declaration.  Plaintiff also must set forth the experience and qualifications of the attorney who performed the work to justify the requested rate.

12.  While the Court applauds plaintiffs' efforts to minimize attorneys' fees, the Court admonishes plaintiffs' counsel to take greater care to provide clear and accurate papers to the Court in the future.

**By July 12, 2006**, DEFENDANTS MUST respond to any matters in plaintiffs' June 28th submission and also may respond to any matters in plaintiffs' original Motion and supporting papers.

4

**On July 26, 2006, at 1:30 p.m.**, the Court will conduct a hearing in connection with plaintiffs' Motion for Default Judgment.

**<u>The Court ORDERS plaintiffs to serve a copy of this Order on defendants immediately.</u>**

IT IS SO ORDERED.

Dated: June 14, 2006

/s/  Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Plaintiffs with direction to serve defendants,
wdb, stats